UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| FRANKLIN E GLASER, et al.,<br><br>　　　　　　Plaintiffs,<br>　v.<br>ADVANTAGE FINANCIAL, et al.,<br><br>　　　　　　Defendants.<br>_____/ | No. C 10-04325 MEJ<br><br>**ORDER GRANTING IN PART DEFENDANTS U.S. BANK ET AL.'S MOTION TO DISMISS; ORDER REMANDING CASE TO STATE COURT**<br><br>**(Docket Nos. 5, 11)** |

## I. INTRODUCTION

Pending before the Court are: (1) Defendants U.S. Bank National Association ("U.S. Bank"), DSL Service Company ("DSL"), and FCI Lender Services, Inc.'s ("FCI") Motion to Dismiss Plaintiffs Franklin and Victoria Glaser's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively Motion for a More Definite Statement pursuant to Rule 12(e) (Dkt. #11); and (2) Defendant Alvernaz Partners, LLC's Motion to Dismiss pursuant to Rule 12(b)(6) (Dkt. #6). Pursuant to Local Civil Rule 7-1(b), the Court finds that the pending motions are appropriate for determination without oral argument. After reviewing Plaintiffs' Complaint and carefully considering the arguments raised in the parties' briefs, the Court **GRANTS** Defendants U.S. Bank, DSL, and FCI's Motion to Dismiss as to Plaintiffs' federal Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA") claims. Because dismissal of these claims divests the Court of subject matter jurisdiction over the case, the Court declines to address the parties' other arguments and **REMANDS** this case to state court for all further proceedings.

## II. PROCEDURAL BACKGROUND

The relevant facts, taken from Plaintiffs' First Amended Complaint[1] and the documents

---

[1] *See* Ex. A to Defendants' Notice of Removal (Dkt. #1).

attached to Defendants' Requests for Judicial Notice,[2] are as follows.

On June 22, 2005, Plaintiffs obtained an Adjustable Rate Mortgage loan from Defendant Downey Savings and Loan Association secured by the property located at 23179 Canyon Terrance Drive, Castro Valley, California 94546 (the "Property"). FAC ¶¶ 2, 15, 24. Plaintiffs engaged Advantage Financial ("AF") to act as their mortgage broker. *Id.* at ¶¶ 3, 25. Plaintiffs allege that prior to the execution of the mortgage, neither AF or DSL provided them with complete disclosure of the terms of the loan and failed to provide them with documentation, including a Broker Good Faith Estimate, mortgage loan disclosure form, and Truth in Lending disclosure. *Id*. ¶¶ 25, 26, 31. Plaintiffs further allege that the loan included a Yield Spread Premium that paid AF over $9,358 for brokering the loan, which was never disclosed to Plaintiffs. *Id.* ¶ 27. According to Plaintiffs, DSL and AF conspired to issue the loan, which they knew Plaintiffs could not afford. *Id*. ¶ 28.

Plaintiffs subsequently defaulted on the loan. As a result, on April 22, 2009, a Notice of Default and Election to Sell Under Deed of Trust was filed against Plaintiffs' Property, indicating that Plaintiffs were $14,195,96 in arrears as of that date. *See* U.S. Bank's Request for Judicial Notice, Ex. A at 1. Thereafter, on June 11, 2010, a non-judicial foreclosure sale of the Property was held, at which time Defendant Alvernaz Partners purchased the Property for $305,500. *See* Alvernaz Partners' Request for Judicial Notice, Ex. A. A Trustee's Deed Upon Sale indicating that DSL granted and conveyed all right, title, and interest in the Property to Alvernaz Partners was

---

[2] Both sets of Defendants have filed Requests for Judicial Notice. Dkt. #7 (Alvernaz Partners' Request), #12 (U.S. Bank, DSL, and FCI's Request). As part of their Request, Alvernaz Partners requests that the Court take judicial notice of the Trustee's Deed Upon Sale, recorded on July 6, 2010, in the Official Records of Alameda County, California as Instrument No. 2010187580. Dkt. No. 7. Defendants DSL, FCI, and U.S. Bank request that the Court take judicial notice of the Notice of Default and Election to Sell Under Deed of Trust recorded on April 22, 2009 in the Official Records of Alameda County as Document No. 2009119630. Dkt. No. 12.
    The court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Because each of the exhibits are public records, the court may properly take judicial notice of the undisputable facts contained in the documents. *See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201(b). Accordingly, the Court **GRANTS** Defendants' Requests for Judicial Notice.

recorded on July 6, 2010 in the Official Records of Alameda County, California. *Id*.

In the interim, on June 2, 2010, Plaintiffs initiated this lawsuit in Alameda County Superior Court. Notice of Removal, Ex. A at 48. On August 18, 2010, Plaintiffs filed the operative First Amended Complaint, asserting sixteen causes of action[3]: (1) Breach of Fiduciary Duty; (2) Breach of Covenant of Good Faith and Fair Dealing; (3) Deceit under California Civil Code sections 1709-1710; (4) violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200, *et seq.*; (5) Promissory Estoppel; (6) Fraud by Intentional Misrepresentation; (7) Fraud by Concealment; (8) Restitution for Unjust Enrichment; (9) Quiet Title; (10) violation of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"); (11) Civil Conspiracy; (12) Declaratory Relief; (13) Rescission;(14) Accounting; (15) Injunctive Relief; (16) and violation of California Civil Code section 2923.5. *Id*., Ex. A at 12 - 46.

Subsequently, on September 24, 2010, Defendants U.S. Bank, DSL, and FCI removed the lawsuit to this Court, asserting that federal question jurisdiction exists under 28 U.S.C. § 1331. *See* Notice of Removal, Dkt. #1 at 3. Although Plaintiffs' claims are all brought under California state law, the Defendants nonetheless asserted that federal question jurisdiction existed because Plaintiffs either directly reference the federal Truth in Lending Act, 15 U.S.C. §§ 1601-1666j, and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.*, or plead causes of action as state claims even though they are "disguised federal claims" that turn on violations of TILA and/or RESPA. *Id*. at 3-4. Plaintiffs did not object to the removal of this case or file a motion to remand.

On September 29, 2010, Alvernaz Partners filed its Motion to Dismiss. Dkt. No. 5. U.S. Bank, DSL, and FCI filed their Motion on October 1, 2010.[4] Dkt. No. 11. On December 23, 2010,

---

[3] Although Plaintiffs' First Amended Complaint lists eighteen causes of action, the Eighth and Fourteenth claims are both for unjust enrichment, and the Ninth and Sixteenth claims are both for quiet title.

[4] Pursuant to Civil Local Rule 7, Plaintiffs' opposition or statement of non-opposition was due by October 28, 2010; however, Plaintiffs failed to file an opposition to either motion. Accordingly, the Court ordered Plaintiffs to show cause why this case should not be dismissed for failure to prosecute and comply with court deadlines. Dkt. No. 15. The Court ordered Plaintiffs to file a declaration by November 10, 2010, and scheduled a hearing on November 18, 2010. *Id*.

Plaintiffs filed oppositions to Defendants' Motions. Dkt. Nos. 24, 25. Defendants filed their replies on January 6, 2011. Dkt. Nos. 27, 29. After carefully reviewing the pleadings and the parties' briefs, the Court now rules as follows.

### III.  LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550

---

On November 15, 2010, Plaintiffs' counsel, Steven Henrioulle, filed a declaration in response, stating that their office was "going through some significant personnel challenges," and requesting a 45-day continuance to file the oppositions. Dkt. No. 16. The Court granted the request and ordered Plaintiffs to file oppositions by November 29, 2010. Dkt. No. 17.

Plaintiffs once again failed to file any opposition. Accordingly, on December 1, 2010, the Court issued a second order for Plaintiffs to show cause why this case should not be dismissed for failure to prosecute and comply with court deadlines. Dkt. No. 20. The Court ordered Plaintiffs to file a declaration by December 16, 2010. *Id.*

On December 15, 2010, Mr. Henrioulle again filed a declaration in response. Dkt. No. 21. However, his response failed to provide any justification for Plaintiffs' failure to file oppositions to Defendants' pending motions. Instead, counsel merely stated that Plaintiffs have a meritorious case and should be allowed to proceed. However, so that the case could proceed on the merits, the Court permitted Plaintiffs a final opportunity to respond. Dkt. No. 22. Accordingly, on December 16, 2010, the Court discharged the second order to show cause and ordered Plaintiffs to file an opposition by December 23, 2010. The Court warned Plaintiffs that any failure to comply without justification would not be tolerated, and it informed Plaintiffs that failure to file an opposition by December 23, 2010, would result in dismissal of their case and that Plaintiffs' counsel would be reported to the California State Bar for their conduct in this matter.

4

U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff.  *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## IV.  DISCUSSION

**A.    U.S. Bank, DSL Service Company, and FCI Lender Services' Motion to Dismiss**

As indicated above, Defendants U.S. Bank, DSL, and FCI removed this action to this Court on the basis of federal question jurisdiction. Reviewing Plaintiffs' First Amended Complaint, none of the 16 claims are expressly framed as claims arising under federal law. However, in their Notice of Removal, Defendants asserted that Plaintiffs have alleged that Defendants' "mortgage activities" subjected them to TILA and RESPA, and alleged that Defendants failed to provide certain disclosure documents in conjunction with their loan that were required under both California law and the TILA. Further, Defendants asserted that Plaintiffs' claims for breach of covenant of good faith and fair dealing and fraud rely on violations of TILA; their claim for deceit under California law actually turns on the violation of RESPA, and their claim for unfair business practices under section 17200 is based in part on violation of TILA.

Thus, because the Court's jurisdiction over this case hinges on the presence of an actionable federal claim, the Court turns to Plaintiffs' TILA and RESPA claims first.

1.    <u>Truth in Lending Act Claims</u>

In their First Amended Complaint, Plaintiffs allege that at the time they entered into the loan, DSL and AFI failed to provide disclosures required under the TILA. First Am. Compl. ¶¶ 25, 26, 31, 43. Plaintiffs therefore seek damages and rescission of the loan based on these TILA violations. In their Motion, Defendants U.S. Bank, DSL, and FCI argue that, to the extent Plaintiffs are

5

asserting claims for damages and rescission under TILA, such claims are time-barred and must be dismissed. The Court agrees.

### *a.*     TILA Damages Claim

The Truth in Lending Act authorizes consumers to bring a claim for actual or statutory damages for a creditor's failure to comply with certain requirements of the Act. *See In re Ferrell*, 539 F.3d 1186, 1190 (9th Cir. 2008) (citing 15 U.S.C. § 1640(a)). Particularly, TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). Pursuant to 15 U.S.C. § 1640(e), damages claims under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). The statute of limitations begins to runs from the date of the consummation of the credit transaction at issue. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986); *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). In this case, the transaction at issue – Plaintiffs' loan – was consummated on June 22, 2005. First Am. Compl. ¶ 24. Thus, the statute of limitation was triggered at that time and expired one year later on June 22, 2006. Because Plaintiffs did not assert their claim for damages under TILA until they filed their initial complaint in this lawsuit on June 2, 2010, their TILA damages claim is untimely.

Plaintiffs, however, argue that the statute of limitations should be equitably tolled and the Court should allow the claim to proceed. Opp. at 3-4. The Ninth Circuit has held that "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915. To establish that tolling is appropriate in a specific case, the plaintiffs must show that they could not have discovered the facts giving rise to the TILA claim using reasonable diligence. *De Jose v. EMC Mortg. Corp.*, 2011 WL 1539656, at *8 (N.D. Cal. Apr. 18, 2011) (citing *Ancheta v. Golden Empire Mortg., Inc.*, 2008 WL 826177, at *3 (N.D. Cal. Mar. 7, 2011)). Thus, the Ninth Circuit and several district courts have held that equitable tolling is inappropriate when nothing prevented the plaintiff from comparing the disclosures made with the disclosures required under

6

TILA. *See, e.g., Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996); *Wadhwa v. Aurora Loan Servs., LLC*, 2011 WL 1601593, at 3 (E.D. Cal. Apr. 27, 2011). Here, Plaintiffs argue that "Defendants DSL and Advantage did not provide Plaintiffs with complete disclosures of the terms of the loan prior to closing (FAC ¶ 25), failed to provide disclosures required by TILA and other laws (FAC ¶¶ 26 & 31), and failed to properly disclose the $9,358.00 [Yield Spread Premium] (FAC ¶¶ 27 & 32)." Opp. at 4. Plaintiffs further contend, "Defendants DSL, DSL Service, U.S. Bank, and Advantage's deceit, fraud, misrepresentations, and other misconduct prevented Plaintiffs from discovering the TILA violations until they received LFI's Loan Analysis Report on March 20, 2010." Opp. at 4 (citing First Am. Compl. ¶¶ 28, 32). Plaintiffs' allegations, however, are unavailing. Particularly, Plaintiffs have not set forth any facts indicating that they could not have discovered the deficiencies in the loan documents by comparing those they received with those required under TILA. Moreover, although Plaintiffs allege that Defendants "deceit, fraud, misrepresentations, and other misconduct" inhibited them from discovering the TILA violations, Plaintiffs allege that this deceitful and fraudulent conduct occurred in connection with the consummation of the loan, not at some point thereafter. Thus, it did not prevent them from discovering the deficiencies with reasonable diligence. Notably, Plaintiffs argue that it was not until they received a Loan Analysis Report in March 2010 that they discovered that Defendants had failed to provide disclosures required under TILA. However, Plaintiffs have not set forth any facts indicating that the information in the Loan Analysis Report was unavailable at any time prior to March 2010, such that they could not have discovered the violations at some point within the limitations period. Plaintiffs have therefore failed to meet their burden of showing that equitable tolling is appropriate in this case. Accordingly, because one year has elapsed since Plaintiffs' TILA damages claim arose and equitable tolling does not apply, the Court **DISMISSES** Plaintiffs' TILA damages claim.

    *b.*  *TILA Rescission Claim*

Likewise, Defendants argue that Plaintiffs' rescission claim under TILA is also subject to dismissal because it is untimely.

"Under the Truth in Lending Act, [ ] 15 U.S.C. § 1601 *et seq.*, when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately." *Beach*, 523 U.S. at 411 (citing 15 U.S.C. § 1635). A borrower's right to rescind a transaction under TILA expires three years after the consummation of the loan. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). Because § 1635(f) is a statute of repose, it deprives the courts of subject matter jurisdiction when a § 1635 claim is brought after the expiration of the three year limitations period. *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002). Here, Plaintiffs filed their TILA rescission claim more than three years after the consummation of the loan. The TILA rescission claim is therefore time-barred and the Court lacks jurisdiction to hear the claim. The Court therefore **GRANTS** Defendants' Motion to Dismiss Plaintiffs' TILA rescission claim.

### 2. RESPA Claim

Defendants next argue that Plaintiffs' RESPA claim is untimely and subject to dismissal. Mot. at 5. Under 12 U.S.C. § 2607, a plaintiff may bring a claim based on an improper yield spread premium. *See Geraci v. Hometsreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003). Pursuant to 12 U.S.C. § 2614, such claims are subject to a one-year statute of limitations. Thus, the statute of limitations for Plaintiffs' RESPA claim expired on June 22, 2006. Because Plaintiffs did not file this lawsuit until June 2010, the claim is time-barred.

As with their TILA claims, Plaintiffs argue that the RESPA statute of limitations should be equitably tolled. Opp. at 4-5. Again, Plaintiffs proffer that Defendants' conduct prevented them from discovering the RESPA violation until they received LFI's Loan Analysis Report on March 20, 2010. Opp. at 5. For the reasons set forth above, the Court finds Plaintiffs' argument unavailing and that equitable tolling is inappropriate as to their RESPA claim. Accordingly, the Court **DISMISSES** Plaintiffs' RESPA claim.

### 3. Remaining Challenges

U.S. Bank, DSL, and FCI also move to dismiss Plaintiffs' state law claims. However, because subject matter jurisdiction in this case is premised on federal question jurisdiction and

8

Plaintiffs' federal claims are subject to dismissal, there is no longer any basis to support continued jurisdiction over this matter. The Court therefore declines to address Defendants' remaining challenges.

**B.     Alvernaz Partners' Motion to Dismiss**

Because the Court lacks jurisdiction over this case, the Court declines to reach Alvernaz Partners' Motion to Dismiss.

## V.   CONCLUSION

Based on the analysis above, the Court hereby **GRANTS IN PART** U.S. Bank, DSL, and FCI's Motion to Dismiss as follows: Plaintiffs' TILA and RESPA claims are **DISMISSED** as untimely. Because dismissal of these claims extinguishes the basis for the Court's subject matter jurisdiction over this case, the Court declines to exercise supplemental jurisdiction over the remaining state claims and **REMANDS** the action to Alameda County Superior Court for all further proceedings.

**IT IS SO ORDERED.**

Dated: May 5, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge